**URBINO et al. v. PUERTO RICO RY. LIGHT & POWER CO.**

**No. 4237.**

Circuit Court of Appeals, First Circuit.

Nov. 7, 1947.

Benigno Pacheco, of San Juan, Puerto Rico, for appellants.

E. Cordova Diaz, of San Juan, Puerto Rico (Henri Brown, of San Juan, Puerto Rico, of counsel), for appellee.

Before MAGRUDER, MAHONEY, and WOODBURY, Circuit Judges.

WOODBURY, Circuit Judge.

The plaintiffs-appellants, one hundred and thirty-four in number, have taken this appeal from a judgment dismissing their complaint in an action brought on June 29, 1945, for liquidated damages under § 16(b) of the Fair Labor Standards Act of 1938, 52 Stat. 1069, 29 U.S.C.A. § 216(b), on the ground that a certain consent decree entered on December 28, 1942, in a previous suit brought by the plaintiffs and others against the defendant-appellee on the same cause of action, "is binding and conclusive upon the parties and therefore is an absolute bar to the present cause of action." The facts are stipulated. For present purposes they can be stated as follows:

All of the present plaintiffs are former employees of the defendant who worked for it in one capacity or another in, or in connection with, either the production or the transmission of electrical energy used exclusively in Puerto Rico, only about 5% of which was used by persons or concerns engaged in interstate commerce or the production of goods for such commerce. Cf. New Mexico Public Service Co. v. Engel, 10 Cir., 145 F.2d 636. Some of the plaintiffs were employed by the defendant all, and others part, of the time from October 24, 1938, the effective date of §§ 6 and 7 of the Fair Labor Standards Act, to July 20, 1942, when all the property owned and used by the defendant in its business was taken by the United States by virtue of a judgment entered by the court below upon a declaration of taking in a condemnation proceeding. On December 9, 1942, all the plaintiffs herein, with many of their fellow employees, brought suit in the court below under § 16(b) supra for minimum wages, overtime compensation and liquidated damages, plus costs, disbursements, attorneys' fees and interest. In that action, before answer, it was stipulated by opposing counsel (1) that a certain statement or report attached thereto made on December 21,

1942, by a named firm of public accountants gives "the true and exact amount of wages and overtime," but not the liquidated damages, to which the respective plaintiffs would be entitled under the Fair Labor Standards Act "assuming that their employment was covered by said Act and that the collection of no part of said wages and overtime is barred by the statute of limitations"; (2) that the defendant "had substantial bona fide grounds to contest the claim made by plaintiffs that they are covered" by the Fair Labor Standards Act, and in addition that it had a "well founded" partial defense on the ground that a substantial part of the plaintiffs' claims was barred by prescription under Puerto Rican law, and (3) that "In this litigation[1] and in view of the existence of reasonable doubt as to the applicability of the federal statute in this case, the parties plaintiffs have agreed to accept and the defendant corporation has agreed to pay the amounts set out and stated" opposite the plaintiffs' names in the accountants' report referred to above "in complete and total satisfaction of all claims, demands and causes of action for wages, overtime and liquidated damages of whatsoever nature under the Fair Labor Standards Act of 1938." The court below approved this stipulation on the day it was filed and on the same day by request of counsel on both sides entered a consent decree in accordance with its terms.

In the case at bar the court below found as a fact that the defendant had paid each of the plaintiffs the amount adjudicated to be due him by the consent decree in the previous action and that each of the plaintiffs had given the defendant a receipt therefor. In the present case it also found that when it entered the consent decree in the former action it considered the settlement proposed in the stipulation "fair and equitable", and that the ends of justice would be served by entering a decree embodying its terms.

The question presented by this appeal, therefore, is whether a consent decree entered in an action brought under § 16(b) of the Fair Labor Standards Act, in which action its was stipulated that there existed a bona fide dispute both as to coverage and as to amount due, whereby the plaintiffs, in accordance with their agreement with the defendant, were awarded unpaid minimum wages and overtime, but not liquidated damages, constitutes an effective bar to a subsequent action between the same parties for liquidated damages only. The court below has answered this question in the affirmative and we agree.

The appellants rest their argument primarily upon the decisions of the Supreme Court in Brooklyn Savings Bank v. O'Neil, 324 U.S. 697, 65 S.Ct. 895, 89 L.Ed. 1296, and D. A. Schulte, Inc., v. Gangi, 328 U.S. 108, 66 S.Ct. 925, 90 L.Ed. 1114, 167 A.L.R. 208. They say that the reasoning of these decisions is such as to indicate clearly that because of the basic policy underlying the Fair Labor Standards Act the consent judgment in their former action, whereby they were awarded full wages and overtime compensation, does not operate to estop them from subsequently recovering liquidated damages. We think the plaintiffs' reliance upon these cases is misplaced.

In the Brooklyn Savings Bank case the Supreme Court, resolving a conflict between circuits, held, three Justices dissenting, that in the absence of a bona fide dispute as to an employer's liability to an employee under the Fair Labor Standards Act, a mere written waiver by the latter of his right to liquidate damages under § 16(b) of the Act does not bar him from subsequently maintaining an action to recover such damages. In that case not only was there no question of the effect of a judgment, by consent or otherwise, awarding wages and overtime upon a subsequent suit between the same parties for liquidated damages, but the court also at page 714 of 324 U.S., at page 905 of 65 S.Ct., 89 L.Ed. 1296, express-

---

[1] In the instant case it is stipulated that proof of the amounts due the plaintiffs in their former action would have been difficult and time consuming because of the large number of employees involved, the nature of their work, and the fact that some or all of them customarily were provided with benefits in addition to wages paid in money such as free lodging, free transportation on the defendant's street railway, and unlimited free consumption of electricity.

ly declined to consider the question of "what limitation, if any, Section 16(b) of the Act places on the validity of agreements between an employer and employee to settle claims arising under the Act if the settlement is made as the result of a bona fide dispute between the two parties, in consideration of a bona fide compromise and settlement." The above case differs so widely in its facts from the one before us that its reasoning affords but little help.

The Schulte case, however, is closer to ours factually in that it squarely presented the question which the Supreme Court passed in the Brooklyn Savings Bank case, that is, the question whether the underlying policy of the Fair Labor Standards Act is such as to permit an action for liquidated damages thereunder even though there has been a bona fide settlement between the employer and his employees of a bona fide dispute over coverage whereby the employees have received minimum wages and overtime compensation in full. And a majority of the Supreme Court answered this question in the affirmative saying that "the remedy of liquidated damages cannot be bargained away by bona fide settlements of disputes over coverage." At page 114 of 328 U.S., at page 928 of 66 S.Ct., 90 L.Ed. 1114, 167 A.L.R. 208.

But the Schulte case resembles the Brooklyn Savings Bank case, and differs from ours, in that it did not present the question of the effect of a bona fide settlement of a bona fide dispute upon a subsequent action for liquidated damages when that settlement had been embodied in a consent judgment. Nevertheless the Supreme Court in its opinion adverted to this question. In its footnote 8 beginning on page 113 and concluding on page 114 of 328 U.S., on page 928 of 66 S.Ct., it said:

"Petitioner draws the inference that bona fide stipulated judgments on alleged Wage-Hour violations for less than the amounts actually due stand in no better position than bona fide settlements. Even though stipulated judgments may be obtained, where settlements are proposed in controversies between employers and employees over violations of the Act, by the simple device of filing suits and entering agreed judgments, we think the requirement of pleading the issues and submitting the judgment to judicial scrutiny may differentiate stipulated judgments from compromises by the parties."

This, of course, is only a dictum. And it is not even a categorical statement. Nevertheless we think it indicates clearly that the Supreme Court when it decided the Schulte case was not prepared to go so far as to close the door completely and finally on the possibility of settling genuine disputes arising under the Fair Labor Standards Act short of payment in full of minimum wages, overtime compensation and liquidated damages, thereby in effect forcing employees to take the risks however great and submit to the delays however long involved in litigating every honestly disputed question which might arise under the Act. It seems to us instead that the Supreme Court in the statement quoted above must have meant to indicate that it was disposed to permit employees, at least when acting as free agents honestly and fairly advised, and when paid minimum wages and overtime compensation in full, to settle such genuine disputes with their employers as may arise under the Act by foregoing liquidated damages in whole or in part provided such settlement receives the judicial approval implicit in the entry of a consent judgment.

At any rate, the Supreme Court so far has only gone to the extent of holding that the basic policy of the Act bars the defense of accord and satisfaction when employees have been given less than the full amount to which the Act entitles them, (see Torres v. American R. Co. of P. R., 1 Cir., 157 F.2d 255; certiorari denied sub. nom. American R. Co. of P. R. v. Torres Romero, 329 U.S. 782, 67 S.Ct. 204), and this falls far short of holding that the policy of the Act also precludes the defense of res adjudicata. It seems to us that the rule of the Schulte case goes to the verge of the law and this being our view we decline to extend that rule any further.

Moreover, after the decision of the court below Congress passed the Portal-to-Portal Act of 1947, Ch. 52, Public Law 49, 80th Congress, 1st Session, Approved May 14, 1947, in Part II § 3, 29 U.S.C.A. § 253 of which it is provided:

"(b) Any employee may hereafter waive his right under the Fair Labor Standards Act of 1938, as amended, to liquidated damages, in whole or in part, with respect to activities engaged in prior to the date of the enactment of this Act.

"(c) Any such * * * waiver, in the absence of fraud or duress, shall, according to the terms thereof, be a complete satisfaction of such cause of action and a complete bar to any action based on such cause of action.

"(d) The provisions of this section shall also be applicable to any compromise or waiver heretofore so made or given."

■ There being no showing of fraud or duress practiced upon the plaintiffs when they settled their first action against the defendant, indeed we must assume from the District Court's approval of that settlement in its consent decree and from its findings in the case at bar, that the settlement was fairly and honestly arrived at in arm's length dealing untainted by fraud or duress, we see no reason why the statute should not be given effect according to its clear terms.

The judgment of the District Court is affirmed.