In re Geoffrey R. GRENERT,
Debtor/Appellant.

Geoffrey R. GRENERT,
Debtor/Appellant,

v.

William HOWISON, Esq.,
Trustee/Appellee,

and

United States of America, Department
of Labor, Appellee.

Bankruptcy No. 286–00235.
Civ. No. 89–0027–P.

United States District Court,
·D. Maine.

Dec. 5, 1989.

William L. Harvey, David J. Perkins, Pierce Atwood Scribner, Portland, Me., for appellant.

William Howison, Trustee, Portland, Me.

Albert H. Ross, Regional Solicitor, Constance B. Franklin, U.S. Dept. of Labor, Boston, Mass.

ORDER AFFIRMING THE DECISION OF THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF MAINE

GENE CARTER, Chief Judge.

Appellant appeals the final order entered by the United States Bankruptcy Court for the District of Maine, in which the Honorable Fredrick A. Johnson approved the joint application filed by Appellees to compromise certain wage claims against Appellant's estate. Appellant argues that it was inappropriate for the bankruptcy court to apply the doctrine of *res judicata*, based on a consent decree signed by Appellant and the Department of Labor (DOL) before the United States District Court for the District of New Hampshire, to prevent a full evidentiary hearing on the joint application. Upon review of the pleadings and the record, the Court affirms the bankruptcy court's holding that the Consent Order estops Appellant from objecting to Appellees' joint application.

Appellant filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the District of Maine on July 30, 1986. On or about August 13, 1986, DOL sued Appellant and the American Messenger Service, Inc. (AMS) in the United States District Court for the District of New Hampshire for violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*, requesting unpaid wages and liquidated damages and a court order enjoining Appellant and AMS from further violating the provisions of the FLSA.

Claiming that the automatic stay provisions of the Bankruptcy Code, 11 U.S.C. § 362(a)(1), barred DOL's claim, Appellant and AMS moved the court to dismiss the suit. The district court denied the motion, holding that 11 U.S.C. § 362(b)(4) exempted DOL's action from the automatic stay provisions. Appellant and AMS also filed for a change of venue, which the court likewise dismissed.

Appellant and AMS then answered DOL's complaint and subsequently entered into a Consent Order approved by the court. In the Consent Order, Appellant and AMS, while not admitting liability, agreed that the employees were due $143,-558.22, that they would pay employees this amount, that they were restrained from withholding these funds, and

> ... that neither this judgment, nor any of its terms or provisions, shall consti-

tute any admission by or an estoppel against the defendant Grenert *except in any action that may be brought by the plaintiff under the Fair Labor Standards Act to enforce this decree.*

Consent Order at 3 (emphasis added).

DOL filed a priority claim in Appellant's bankruptcy action for the wages set out in the Consent Order. The Trustee, Appellee, objected and both Appellees agreed to a compromise claim of $112,360.78 as a priority claim pursuant to 11 U.S.C. § 507(a)(3). Appellant objected to this claim on three grounds: (1) he was not an "employer" under FLSA; (2) the liquidated damages are not wages entitled to priority; (3) the wage claims fall outside the time period (90 days) established under section 507(a)(3).

The bankruptcy court, after a hearing and the submission of briefs, held that the doctrine of *res judicata*, arising from the Consent Order, barred all of Appellant's objections to the joint application. In particular, the court found that, under a transactional approach to *res judicata*, the action concerning the joint compromise was essentially the same action as that concerning the Consent Order since both arose from a natural grouping or common nucleus of facts. The court then concluded that Appellant's objections to the compromise were defenses he could have raised or did raise in the prior action.

On appeal, Appellant argues that *res judicata* should not apply to this suit because the prior action was technically distinct. Appellant further asserts that the doctrine should not apply because the Consent Order did not explicitly discuss issues which he raised in objection to the joint application; thus the bankruptcy court's conclusions were based on "improper inferences." Appellant states that the Consent Order either clearly preserved the issues to be raised before a bankruptcy court or was too ambiguous for the application of *res judicata*. Finally, Appellant offers arguments, not previously presented before the bankruptcy court, allegedly indicating that the joint application generates issues that were not considered or could not be considered in the prior action.

## DISCUSSION

■ *Res judicata* is applied by courts so that parties are precluded from relitigating issues that were raised or could have been raised in a previous action in which there was a final judgment on the merits. *Manego v. Orleans Board of Trade*, 773 F.2d 1, 5 (1st Cir.1985). This doctrine is not a technical rule, but a rule of "fundamental and substantial justice." *Nash County Board of Education v. Biltmore Co.*, 640 F.2d 484, 486 (4th Cir.1981), *citing American Surety Co. v. Baldwin*, 287 U.S. 156, 166, 53 S.Ct. 98, 101, 77 L.Ed. 231 (1932). The doctrine promotes judicial economy by preventing needless litigation. *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980). Finally, "as a general matter, consent judgments are given the same *res judicata* effect as judgments in litigated cases." *Arrieta–Gimenez v. Arrieta–Negron*, 859 F.2d 1033, 1041 (1st Cir.1988); *Urbino v. Puerto Rico Ry. Light & Power Co.*, 164 F.2d 12, 13 (1st Cir.1947) (court applied the *res judicata* doctrine to a consent decree arising from an action brought under the FLSA).

■ The substance of Appellant's objections to the application of *res judicata* manifests an overly narrow view of the doctrine. Appellant's argument that *res judicata* cannot apply in this suit because there is a "technical distinction" between the bankruptcy action and the underlying action is an example of this view. Appellant seems to ask the Court to require that two causes of action be identical in order to apply the doctrine. This is not the law in this circuit.

■ The Court of Appeals for the First Circuit has adopted the view put forth in the Restatement (Second) of Judgments that the prior claim or cause of action must merely be based on the same "transaction" as the subsequent action. *Manego v. Orleans Board of Trade*, 773 F.2d 1, 5 (1st Cir.1985). The Restatement provides that a final judgment extinguishes all rights concerning all or any part of the transactions or series of transactions out of which the original action arose. Restatement

(Second) of Judgments § 24. Furthermore, a "transaction" is not a technical term, but must be determined pragmatically. *Id.* Thus, because both actions in this suit arose from the issue of wage claims, and because Appellant's objection to the FLSA action and the joint application are very similar, the transactional approach to applying *res judicata* is satisfied.

Other of Appellant's arguments also evidence a narrow conception of the doctrine of *res judicata.* For example, many of Appellant's objections to the Court's application of *res judicata* focus solely on the language in the Consent Order. Appellant essentially argues that the Court may consider only the words contained in the Consent Order in determining which issues were addressed in the prior action for the purposes of *res judicata.* Appellant thus maintains that the issue of whether he was an employer is not barred by *res judicata* because the Consent Order did not contain the term "employer." The Court finds, however, that for the purposes of applying the doctrine of *res judicata,* the Appellant's characterization is incorrect.

 *Res judicata* requires that the precluded issue be one which might have been raised or was raised in the underlying case. *Federated Dept. Stores v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 2427, 69 L.Ed.2d 103 (1981); *Manego v. Orleans Board of Trade,* 773 F.2d 1, 5 (1st Cir. 1985). A court may not address an issue in a consent order which a party has either raised or could have raised in the pleadings. Such an issue, although not addressed in the order, nonetheless satisfies the test for *res judicata.* Thus, the Court is not confined solely to the Consent Order

in determining whether the doctrine of *res judicata* applies in this suit.

Furthermore, Appellant's view concerning the language of the Consent Order evidences a "contract" approach to the application of *res judicata* to such orders. The Court recognizes the Consent Order, not as a contract but as a judicial order made by the District Court in New Hampshire. J. Moore, J. Lucas & T. Currier, 1B *Moore's Federal Practice* 0.409[5] (2d ed. 1988). The District Court in New Hampshire is not merely a registry of contracts; it makes its own determination that justice will be served before signing a Consent Order.[1] This view necessitates that the Court analyze the whole case—the pleadings submitted by the parties prior to the entry of the Consent Order, in addition to the Order itself—to help determine what issues were raised or could have been raised before the court which culminated in the issuance of the Consent Order. Thus, Appellant's reliance on the absence of specific language in the Consent Order is misplaced because such absence is not necessarily determinative.

In addition, even if the Court applied a contractual approach, the central issue would be the intent of the parties. C. Wright, A. Miller, E. Cooper, 18 *Federal Practice and Procedure* § 4443. The Supreme Court has stated that to discover the intent of a decree, a court should look to the circumstances surrounding the formation of the consent order. *United States v. ITT Continental Baking Co.,* 420 U.S. 223, 95 S.Ct. 926, 43 L.Ed.2d 148 (1975).[2] Thus, for the purposes of *res judicata,* the Court may look to the pleadings to determine what the parties intended. *See Goldman v. Northrop Corp.,* 603 F.2d 106 (9th Cir.

1. The Court recognizes that while consent orders are judgments, some courts have indeed viewed them as contracts. *See e.g. Crowe v. Cherokee Wonderland, Inc.,* 379 F.2d 51, 54 (4th Cir.1967). The Supreme Court has noted that "consent decrees 'have attributes both of contracts and of judicial decrees,' a dual character that has resulted in different treatment for different purposes." *Local No. 93 International Association of Firefighters v. City of Cleveland,* 478 U.S. 501, 519, 106 S.Ct. 3063, 3073, 92 L.Ed.2d 405 (1986).

2. In keeping with the Supreme Court's view that a consent order is to be viewed differently in different contexts, the Court noted that in an *enforcement* action, a consent order is construed as a contract in which aids to construction were proper. *United States v. ITT Continental Baking Co.,* 420 U.S. 223, 238, 95 S.Ct. 926, 935, 43 L.Ed.2d 148 (1975) (emphasis added).

1979) (while the court held that a settlement may contain issues not stated in a complaint for *res judicata* purposes, the court viewed the settlement and the complaint, as well as negotiations leading to the settlement, to determine intent of the parties).

■ Appellant's objections to the joint application were raised by Appellant or could have been raised by Appellant in the prior action. Appellant objected to the joint application on the grounds that he was not an employer under FLSA; that the application included money for penalties under FLSA, not wages entitled to priority pursuant to the Bankruptcy Code, 11 U.S.C. § 507(a)(3); and that, while the wages were earned within 90 days of cessation of AMS, AMS is not Appellant's business. These same objections were raised in the pleadings submitted in New Hampshire or in the Consent Order. Therefore, Appellant had the requisite opportunity to be heard and the doctrine of *res judicata* should apply.

■ Appellant asserted that he was not an employer when he answered the DOL's complaint in the prior action. This defense was clearly crucial to the prior action, and Appellant could have continued to voice this objection. While the Consent Order does not use the word "employer," it cannot fairly be read except to reflect and to be based upon a conclusion that Appellant is an employer of those employees to whom the District Court in New Hampshire ordered Appellant to pay $143,558.22.

Appellant argues that the wages described in the joint application cannot be a priority claim because they were not earned within 90 days of either his filing for bankruptcy or the cessation of his business. While Appellant admitted in his objection to the joint application that the wages were earned within 90 days of cessation of AMS, Appellant argues that AMS is not his business. The claim that AMS is not Appellant's business could have been raised in the prior action. In fact, as stated by the bankruptcy court, the claim that AMS is not appellant's business is "simply a reassertion" that he was not an employer, an issue crucial to the prior action.

Appellant's remaining objection to the joint application is that one-half of DOL's claim in the prior action was for penalties under the FLSA and, therefore, that part of the claim is not wages entitled to priority pursuant to the Bankruptcy Code, 11 U.S.C. § 507(a)(3). The bankruptcy court noted that while this objection may have some merit, "the trustee and DOL assert, and the debtor does not deny, that DOL's claim is still less than the contractual wages due and owing the employees and also less than the $2,000 per individual limit." *In Re: Grenert*, No. 286–00235, slip op. at 8. Furthermore, the language of the Consent Order, to which Appellant would have the Court cling, uses only the term "wages." The Court finds that, to the extent that Appellant did not raise or might not have raised this issue, the issue would not alter the result reached in this action.

■ Since the bankruptcy court's judgment, Appellant has offered additional objections to the joint application.[3] Appellant offers these objections to indicate that there are issues that would go undecided if the Court were to apply *res judicata.* The Appellant, however, had ample opportunity to raise any such objections before the bankruptcy court.[4] The Court refuses to consider issues raised for the first time on appeal.[5] *Liakos v. Creditors' Committee of Deja Vu, Inc.,* 780 F.2d 176, 177 (1st

3. For example, Appellant argues that DOL's claim for wages is an assignment of wages and, therefore, does not come within the priority provisions of 11 U.S.C. § 507(a)(3).

4. Any objection that would have indicated that there were issues concerning the joint application that could not have been raised before the District Court in New Hampshire would have been appropriately raised at the hearing held on April 12, 1988 before the bankruptcy court or in the memorandum requested by that court and provided by Appellant to that court.

5. This rule is in keeping with the applicability of a general appellate review standard to appeals from bankruptcy court. 28 U.S.C. § 158.

Cir.1986) (court did not consider issue not raised in bankruptcy court below).

 Appellant's final objection concerns the language of the Consent Order, which states:

> ... [n]either this judgment, nor any of its terms or provisions, shall constitute any admission by or an estoppel against the defendant Grenert except in any action that may be brought by the plaintiff under the Fair Labor Standards Act.

Appellant asserts, in response to Appellees argument that Appellant is estopped under this language from objecting to the joint application, that this language should be viewed in the context of the whole Consent Order. However, DOL's only recourse to recover the funds ordered by the District Court in New Hampshire was to file an application pursuant to its FLSA claim in bankruptcy court. An overly narrow reading of the clause, one in which DOL's claim in bankruptcy did not estop Appellant, would thus render the estoppel language meaningless. In light of the fact that both parties knew of the pending bankruptcy action, the Consent Order cannot be read so narrowly. Thus, the Court finds that the joint application is an action under the FLSA and is unpersuaded by Appellant's characterization.

In sum, the Court disagrees with Appellant's general assertion that he did not have the opportunity to be heard on the issues. As discussed above, Appellant did object or could have objected to these issues in the prior action. Appellant correctly asserts that *res judicata* should not be applied mechanically. In this suit, the parties to the prior action knew of the impending bankruptcy case. Thus, as both parties were aware that a wage claim is entitled to priority status in bankruptcy, 11 U.S.C. § 507(a)(3), the preclusive effect of the Consent Order was clearly foreseeable by the parties. It is therefore in accord with fundamental notions of substantial justice to apply the doctrine of *res judicata* to the case at bar.

Accordingly, it is ORDERED that the United States Bankruptcy Court's judgment of January 9, 1989 be, and it is hereby,

AFFIRMED.