THE PEOPLE OF THE STATE OF NEW YORK ex rel. ABEL CROOK, as Executor of WILLIAM A. STUART, Deceased, et al., Appellants, v. JAMES L. WELLS et al., Constituting the Board of Taxes and Assessments of the City of New York, Respondents.

TAX — WHEN BEQUEST TO BENEVOLENT CORPORATION IS NOT TAXABLE IN HANDS OF EXECUTOR. An absolute bequest of a residuary estate to a benevolent or charitable corporation, within the meaning of the exemption contained in the tax laws of the state of New York, vests at the death of the testator and is thereafter exempt from taxation; the fact that the estate has not been settled and the legatee has not received the property does not render its assessment proper in the hands of the

17

executor under section 32 of the Tax Law (L. 1896, ch. 908; amd. L. 1897, ch. 371), since taxable property only is taxed under the authority of that section.

*People ex rel. Crook* v. *Wells,* 93 App. Div. 500 reversed.

(Argued October 5, 1904; decided October 18, 1904.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered April 22, 1904, which reversed an order of Special Term denying a motion to quash a writ of certiorari and reducing an assessment upon the personal estate of William A. Stuart, deceased.

The facts, so far as material, are stated in the opinion.

*Samuel Crook* for appellants. The legacy to the Brooklyn Masonic Guild is exempt from taxation. (*Sisters of St. Francis* v. *Mayor, etc.,* 51 Hun, 356; *Matter of Babcock,* 115 N. Y. 458; Jarman on Wills [6th ed.], 756; *Lynes* v. *Townsend,* 33 N. Y. 558; *Blood* v. *Kane,* 130 N. Y. 514; *Matter of Sloan,* 154 N. Y. 109; *Matter of Pell,* 171 N. Y. 48; *People ex rel.* v. *Barker,* 150 N. Y. 52; *Steinway* v. *Steinway,* 163 N. Y. 183.)

*John J. Delany,* Corporation Counsel (*George S. Coleman* and *E. Crosby Kindleberger* of counsel), for respondents. Under the Tax Law the holding of personal property by an executor or administrator residing in the tax district renders such property subject to taxation. (*People ex rel.* v. *Assessors,* 40 N. Y. 154; *Matter of McMahon,* 67 How. Pr. 113; 1 How. Pr. [N. S.] 270; *People ex rel.* v. *Feitner,* N. Y. L. J., May 16, 1901, p. 627; *People ex rel.* v. *Barker,* 150 N. Y. 521; *Steinway* v. *Steinway,* 163 N. Y. 183.)

O'BRIEN, J. The order appealed from reversed the decision of the Special Term, which modified an assessment of personal property. Abel Crook, as executor of the will of William A. Stuart, deceased, and the Brooklyn Masonic Guild, a corporation organized for charitable purposes, procured a writ of certiorari to review an assessment for personal property to

Crook, as executor. The total assessment was $154,000. The Special Term modified it by striking out the sum of $85,000, which it held to be exempt from taxation. On appeal to the Appellate Division the action of the Special Term was reversed and the assessment reinstated. Therefore, the sole question presented by the appeal is whether the $85,000 should have been retained as assessable property. If it was taxable then the decision now under review is right. If, on the contrary, it is not taxable, the Special Term was correct in striking that amount from the total assessment. As to the balance of the assessment there is no question raised with respect to it. The facts are undisputed and the appeal presents a pure question of law.

It appears that William A. Stuart died on the 20th of September, 1902, leaving a last will and testament, in which he disposed of a large personal estate. This will was admitted to probate in February, 1903, and letters testamentary were granted to the relator, Abel Crook. By the residuary clause of this will the testator gave the rest, residue and remainder of his estate, after the payment of certain specific legacies, to the Masonic Guild, to be applied to its corporate uses and purposes. At the time of the death of the testator this corporation was organized and existing and it is conceded that it was, and is, a charitable or benevolent corporation within the meaning of the exemptions contained in the tax laws of this state. The item of $85,000 which was stricken from the assessment roll by the Special Term was concededly a part of this bequest. It is admitted that the property of the Masonic Guild is, by law, exempt from taxation and if that corporation owned the personal property in question then the assessment, to that extent, was erroneous. That the corporation, at the time of the assessment, was the absolute owner of the $85,000 in personal property assessed is, I think, too clear for controversy. The residuary estate vested in the corporation at the moment of the death of the testator and at no time since his death was the property bequeathed to the charitable corporation subject to taxation.

But it is contended in support of the decision of the learned court below that the assessment was properly made under section thirty-two of the Tax Law. That section provides that "If a person holds taxable property as agent, trustee, guardian, executor or administrator, he shall be assessed therefor as such, with the addition to his name of his representative character, and such assessment shall be carried out in a separate line from his individual assessment." It is said that, since the property had not, at the time of the assessment, been paid over or delivered to the corporation but was still in the hands of the executor that it was properly taxed within the authority of this section. This proposition is sought to be reinforced by a provision of the Code, which enables an executor to hold the property in his hands without payment of a legacy for one year, but this argument overlooks one very important consideration, and that is, that in order to bring the case within the section the property held by the executor must be *taxable property*, and the property in question was not taxable at any time after the death of the testator, whether in the hands of the executor or in the hands of the corporation. No one had any interest in the residuary estate except the corporation. There was no trust given by the will to the executor except the general trust to distribute the estate under the terms of the will. The corporation owned the residuary estate from the moment of the testator's death; the executor had no title, no right to invest, and the circumstance that the statute gave him a year to pay the legacies did not render the fund taxable. It follows that the order of the Appellate Division should be reversed, with costs, and that of the Special Term affirmed.

CULLEN, Ch. J., VANN and WERNER, JJ., concur; GRAY and HAIGHT, JJ., absent; MARTIN, J., not voting.

Order reversed, etc.