266 A.2d 911.

ESTATE OF FORSYTH WICKES, *Deceased; et al. vs.* KENNETH V. STEIN, *Tax Assessor, City of Newport.*

JUNE 15, 1970.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

KELLEHER, J. This is a civil action wherein the plaintiffs, executors of the estate of Forsyth Wickes, seek repayment of taxes that were paid under protest to the City of Newport. The case is before us on the plaintiffs' appeal from the judgment entered by a Superior Court justice denying the plaintiffs' motion for a summary judgment.

The facts are not in dispute. Forsyth Wickes died testate on December 20, 1964, a resident of the City of Newport. At the time of his death, the testator was the owner of certain tangible personal property which included a valuable collection of various objects of art. All of this property was located in the testator's Newport home, "Starboard House," and under the fourth paragraph of decedent's will, plaintiffs, in their capacity as executors, were directed to convey it

> "* * * to such educational, charitable and philanthropic corporation and/or corporations organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, including the encouragement of art and the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private stockholder or individual, and no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation as shall be selected by a committee consisting of my said wife, Marian Haven Wickes, my said daughter, Ann Arnot Brewer, my said daughter, Kitty Forsyth Poole, and my son-in-law, William C. Brewer to receive said real estate and said tangible personal property."

The bequest further provided that the committee should attempt to select a qualified donee within 15 months from the date of the decease of the testator, and that if such

selection was not possible within two years of the testator's death, the executors were empowered to sell the property and transfer the proceeds therefrom to a qualified charitable institution designated by such committee.

On December 31, 1964, 11 days subsequent to the decedent's death, defendant tax assessor determined the value of decedent's tangible personal property to be $2,000,000 and assessed a tax thereon in the amount of $113,200. The bulk of the assessment represents defendant assessor's valuation of the decedent's art collection.

Thereafter, on January 28, 1965, the will of Forsyth Wickes was admitted to probate by the Probate Court of the City of Newport, and plaintiffs were appointed and qualified as executors under the will.

On December 13, 1965, approximately one year from the date of decedent's death, the committee authorized by the provisions of the fourth paragraph of decedent's will designated the Museum of Fine Arts in Boston, Massachusetts, to be the recipient of the bequest described therein. The Museum of Fine Arts accepted the bequest on the same date.

It has been the contention of plaintiffs throughout the travel of this case that the assessment placed upon the tangible personal property in the estate of the decedent was void and illegal because the property in question was destined for a tax-exempt purpose.

Our legislature has decreed that all tangible personal property located in this state is "liable to taxation unless otherwise specially provided." G. L. 1956, §44-3-1. Section 44-4-10, provides that all tangible personal property held in "trust or otherwise" by an executor, administrator or trustee shall be taxed to such executor, administrator or trustee in the municipality where such property is situated. The statute governing the taxation of Mr. Wickes'

tangible personal property is §44-4-14, which reads in part as follows:

> "If no executor of the will of, or no administrator of the estate of, a deceased person shall have been appointed, the personal property of said deceased person, both tangible and intangible, liable to taxation, shall be assessed as the estate of said deceased person, in the town where the deceased person resided, and the executor or administrator subsequently appointed shall be liable as such for so much of the tax as shall prove to be not in excess of the tax upon the amount for which said estate was properly taxable."

In reference to this statute, plaintiffs insist that the personal property of the decedent is not "properly taxable" upon testator's death, and therefore the estate is not "liable" for the tax assessed on December 31, 1964, because the property was given to a beneficiary[1] who qualifies for a tax exemption pursuant to §44-3-3. The pertinent portion of this statute reads:

> "The following property shall be exempt from taxation * * * (8) the buildings and personal estate * * * of any incorporated public charitable institutions * * * so far as the same is used exclusively for educational purposes * * *."

The plaintiffs concede that legal title to decedent's personal property passes to his executor for administration purposes, but insist that the executor holds such assets merely as trustee for the benefit of the ultimate legatee. The plaintiffs argue that the equitable right of the ultimate beneficiary to the property arose upon the death of the decedent, and that for tax purposes, the property on the assessment date was not that of the executors, but belonging to the qualifying charitable institution to be desig-

---

[1]The assessor in opposing plaintiffs' motion for summary judgment has also maintained that there is no proof that the Museum of Fine Arts is an exempt organization within the purview of §44-3-3 (8). The trial justice made no finding in this regard. Because of our holding, there is no necessity that we consider this issue.

nated within the time specified in the will; that, as such, it was exempt from taxation under §44-3-3, and should not have been taxed by the City of Newport.

Generally, it is held that legal title to gifts of personalty passes to the executor upon the death of the testator. 6 Page, *Wills* §59.2, at 383. Since an executor does not usually qualify until some time after the decedent's death, title to personal property is said to be in abeyance until the representative is appointed, whereupon it vests in him and relates back and takes effect as of the testator's death. 1 Woerner, *American Law of Administration* §173 (3d ed.).

Transfer of the title to the personal assets of the estate to the executor does not vest in him complete ownership of such assets. He holds a mere legal title for the purposes of administration. 6 Page, *supra,* at 384. Equitable ownership of the assets is vested in the legatee upon the death of the testator. Such equitable interest in the property of the estate, however, may be subject to abatement in case the assets remaining after payment of the debts and expenses of administration may be less than enough to pay the legacy in full. *Chase Nat'l Bank* v. *Sayles,* 11 F.2d 948 (1st Cir. 1926).

The relationship between an executor and the legatee or beneficiary is usually considered to be that of a trustee and a *cestui que trust.* An executor appointed by the probate court is an officer of that court who has title to the assets of that estate for the purpose of collection and disbursing of the same for the benefit of creditors, beneficiaries under the will, or the next of kin. *Michigan Trust Co.* v. *Grand Rapids,* 262 Mich. 547, 247 N.W. 744. In *Smith* v. *Ayer,* 101 U. S. 320, at 327, 25 L.Ed. 955, at 958, the Court said:

> "The executor, though holding the title to the personal assets, is not absolute owner of them. They are not liable for his debts, nor can he dispose of them

by will. He holds them in trust to pay the debts of the deceased, and then to discharge his legacies; and, as in all other cases of trust, he is personally responsible for any breach of duty. And property thus held, acquired from him by third parties with knowledge of his trust and his disregard of its obligations, can be followed and recovered. The law exacts the most perfect good faith from all parties dealing with a trustee respecting trust property. Whoever takes it for an object other than the general purposes of the trust, or such as may reasonably be supposed to be within its scope, must look to the authority of the trustee, or he will act at his peril."

The plaintiffs do not dispute the aforementioned principles, but contend that it is the equitable interest of the legatee that must be appraised in determining whether the assets are exempt from taxation. The plaintiffs cite the case of *People* v. *Wells,* 179 N. Y. 257, 71 N.E. 1126, wherein the court held that a bequest of a residuary estate to a charitable corporation, within the meaning of the exemption contained in the tax laws of the State of New York, vested at the death of the testator and was thereafter exempt from taxation, and the fact that the estate had not been settled and the legatee had not received the property did not render its assessment proper in the hands of the executor.

It held that this was true even though a New York statute provided that, if a person holds taxable property as agent, trustee, or executor, he shall be assessed therefor. The court construed the statute to mean that the property is assessable only in the event it is taxable property; that is, property not employed for charitable or benevolent purposes. The court said:

"* * * in order to bring the case within the [code] the property held by the executor must be *taxable property,* and the property in question was not taxable at any time after the death of the testator, whether in the hands of the executor or in the hands of the

corporation. No one had any interest in the residuary estate except the corporation. There was no trust given by the will to the executor except the general trust to distribute the estate under the terms of the will. The corporation owned the residuary estate from the moment of the testator's death; the executor had no title, no right to invest, and the circumstance that the statute gave him a year to pay the legacies did not render the fund taxable." 179 N. Y. at 260, 71 N.E. at 1127.

The plaintiffs urge us to follow the New York decision. We decline to do so because we feel that it does not reflect the intendment of our legislature regarding the subject of taxation. It is clear to us that New York is free to adopt and follow any policy in the matter of taxation in general and of tax exemption in particular that it may deem just, and that Rhode Island can do likewise. *Soc'y for the Preservation of New England Antiquities* v. *Tax Assessors,* 62 R. I. 302, 5 A.2d 293. As this court stated in *Woonsocket Hospital* v. *Quinn,* 54 R. I. 424, 173 A. 550:

"Exemption from taxation is to be determined not by the policy or the laws of other states but by the constitution and the laws of this State."

See also *City* v. *Hall,* 49 R. I. 230, 142 A. 156. Furthermore, in the absence of evidence of a different intent, we must assume that it was the intention of the legislature to have all statutes which relate to taxation construed so as to be consistent with one another and to effectuate, and not defeat the policy of the law. *Edwards* v. *Cardarelli,* 65 R. I. 236, 14 A.2d 693.

It has been held that chaps. 3 and 4 of title 44 are integral parts of a general scheme of taxation and that they must therefore be read together; chap. 3 specifies what property is liable to taxation, while the purpose of chap. 4 is to determine the location at which and the person to whom, the property shall be taxed. *Bodell* v. *Cote,* 105 R. I. 578, 253 A.2d 598. In utilizing this functional ap-

proach, we are of the opinion that the legislature intended that *all* personal property is subject to taxation unless specifically exempted, that the executor or administrator is to be treated for taxation purposes as the owner of the personal assets, and that these assets are not entitled to be tax exempt until they have been actually distributed to a qualified beneficiary or legatee by the executor in the course of administering the estate.

During the lifetime of a person the title of his personal property is vested in him. Upon his death, he no longer can hold property, and the legal title thereof, as noted previously, passes to his executor or administrator for purposes of administration for ultimate distribution to the legatees or next of kin. It is clear that the legislature did not intend that personal property should be excluded from municipal taxes during the interim between the death of the testator and the receipt of the property by the legatees, but rather that the executor was to be treated as the owner of the property for tax purposes. Since it is the duty of the executor to collect, hold, and distribute the assets of the estate, it is consistent that he be designated as the person liable for the tax. As mentioned before, the interest of a legatee may be subject to abatement in case the assets remaining after payment of the debt and expenses of administration may be less than enough to pay his legacy in full. Since the size of the gift to the legacy cannot be determined until it is actually distributed, it would be absurd and unjust to assess a tax against an equitable interest of a legatee. The right to a legatee's distributative share vests in only so much as remains after an estate has been properly administered. *Continental Ill. Nat'l Bank and Trust Co.* v. *United States*, 403 F.2d 721.

In *Commonwealth* v. *Williams*, 102 Va. 778, 47 S.E. 867, it was held that, until an estate is administered, its assets are to be assessed for taxes even though the legatee is tax

exempt. The exemption, the court declared, does not attach to a legacy until the estate is administered and the legacy is paid over. It also pointed out that until the estate has been administered and the legacy paid over to the legatee, there can be no exact determination as to the amount, if any, of the legacy. We think that the reasoning in the *Williams* case is more persuasive than the holding in the *Wells* case.

This court has embraced the common-law principle that a trustee, executor, or administrator is deemed the owner, for the purposes of taxation, of the property held by him in any one of those capacities. *Edwards* v. *Cardarelli, supra.* In *Anthony* v. *Caswell,* 15 R. I. 159, 1 A. 290, we construed the predecessor statute of chap. 4 as following this common-law rule and held that a trustee resident in another state, who held as trustee no property in this state, was not liable to taxation although the beneficiary resided in this jurisdiction. See also *Greene* v. *Mumford,* 4 R. I. 313. It is our belief, after a study of the pertinent statutes,[2] that the General Assembly never intended that a tax assessor be required to assess an equitable estate. The doctrine of equitable conversion has no place in the assessor's computations. The wisdom of the legislature's action becomes quite apparent when one considers

---

[2]Section 33-6-31 states that title to real or personal estate shall pass by will when such will has been "finally proved." This statute goes on to say that title to real estate situated in any town or city of this state, other than that in which the will is proved, shall not pass by will for the purpose of a conveyance by the devisee until a duly certified probate record has been recorded in the land-evidence records of the other municipality. This is a recording statute whose aim is to facilitate the transfer of title to property. This section has no relevance to the tax liability of an executor or a legatee. While the personal property is in the hands of the executor, he holds legal title thereto. The only title vested by this statute in the legatee is an equitable one. When the personalty is delivered by the executor to the legatee, legal title is also transferred, and thereafter the legatee is fair game for the tax assessor.

the chaos that would erupt if an assessor ever attempted to assess a tax on the equitable interest of a legatee who did not enjoy the sanctuary of a tax exemption. The legatee would be the first one to point out that any valuation placed on his share of the estate would be purely speculative until such time as there has been a distribution of the property. The sense and spirit of our statute is that taxes shall follow the legal title. See *Nehalem Timber Co. v. Columbia County*, 97 Ore. 100, 189 P. 212.

Accordingly, we hold that the property described in the fourth paragraph of the will of Forsyth Wickes was on December 31, 1964 subject to taxation by the defendant tax assessor.

The plaintiffs' appeal is denied and dismissed.

*Moore, Virgadamo, Boyle & Lynch, Francis J. Boyle*, for plaintiffs.

*Joseph M. Hall*, Assistant City Solicitor, for defendant.