**In re Kenyon L. REYNOLDS.**

**Bankruptcy No. 383–00002.
Adv. No. 385–0076.**

United States Bankruptcy Court,
C.D. Illinois.

June 17, 1985.

William F. Nissen, Quincy, Ill., trustee.

Lewis M. Grigsby, Sr., Pittsfield, Ill., for debtor.

### OPINION AND ORDER

BASIL H. COUTRAKON, Bankruptcy Judge.

The trustee filed this adversary complaint to sell debtor's interest in certain real estate subject to the life estate of the debtor's mother. That real estate was bequeathed to the debtor's mother for life with a remainder to the debtor. The debtor's principal objection to the sale is that his interest constitutes nothing more than a contingent remainder and that such an interest may not be sold by a trustee in bankruptcy.

The Court shall not make any findings of fact as the only issue before it is whether or not the debtor's remainder interest in certain realty passes to a trustee. Whether that interest be contingent or vested, the Court believes the result to be the same. Hence, treatment of the issue is entirely a matter of law.

The leading case in Illinois is undoubtedly *In re Landis*, 41 F.2d 700, 16 ABR(ns) 406 (7th Cir.1930) cert. denied, 282 U.S. 872, 51 S.Ct. 77, 75 L.Ed. 770. That decision was rendered under Act Section 70(a)(5) which read:

(a) The trustee of the estate of a bankrupt * * * shall * * * be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt, * * * to all * * *

(5) property which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him.   11 U.S.C. 110(a)(5). (1930)

As such, the Seventh Circuit was faced with the question of whether or not under Illinois law a bankrupt (now euphemistically known as a debtor) could have transferred a contingent remainder interest.   There was no question that a contingent remainder could not be levied upon or sold under judicial process.   Still, Illinois decisions, the Seventh Circuit found, allowed an equitable assignment of a contingent remainder. That equitable assignment was encompassed by the word "transfer" in the federal statute.   *Landis* at 410, 41 F.2d 700.

If a contingent remainder passed to a trustee in Illinois under the Act, the Court today has no doubt that such an interest would so pass under the Code.   The rather restrictive question of whether or not title vests in a trustee because of the transferability of property is no longer an issue. Collier on Bankruptcy ¶ 542.02(2) (15th ed. 1985).   The estate is what is currently of importance and "such estate is comprised of ... all legal or equitable interests of the debtor in property as of the commencement of the estate."   11 U.S.C. § 541(a)(1).

The House Judiciary report on that section of the code stated:

> The scope of this paragraph is broad.   It includes all kinds of property, including tangible or intangible property, causes of action *and all other forms of property currently specified in § 70a* of the Bankruptcy Act * * *   The debtor's interest in property also includes 'title' to property which is an interest just as are a possessory interest, *Segal v. Rochelle,* 382 U.S. 375 [86 S.Ct. 511, 15 L.Ed.2d 428] (1966), is followed, and the right to a refund is property of the estate. (H.Rep. No. 95–595, 95th Cong. 1st Sess. (1977), 367), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6323.   emphasis supplied.

It is interesting to note that in discussing whether or not potential claims for loss-carryback of tax refunds were property for the purposes of Section 70(a), the Supreme Court remarked that " 'property' has been construed most generously and an interest is not outside its reach because it is novel *or contingent* or because enjoyment must be postponed.   (citations omitted.)" emphasis supplied.   *Segal* at 379, 86 S.Ct. at 514.

Further, Act Section 70(a)(7) made a distinction concerning the vesting of non-assignable contingent remainders and life estates before and after the Petition.   In referring to life estates, one authority has noted that, in an attempt to be more inclusive, the Code makes "no exception excluding contingent property interests.   It is the trustee's duty in a liquidation case to sell the life interest of the debtor and reduce it to money as soon as possible."   Collier on Bankruptcy ¶ 541.07(2) (15th ed. 1985).   It is certainly not unreasonable to assume that the lack of exception for contingent property interest would apply equally to life estates as well as future interests.

Therefore, as uncontroverted case authority in this circuit and legislative history point to one conclusion, this Court holds that whether the debtor's interest in real property be contingent or vested, it shall be part of the estate for the trustee to sell.

The Court would like to comment that not only is this conclusion the only one legally possible, but that it is the one most practical.   For this Bankruptcy Court to attempt an interpretation of a complicated will under the Statutes of the State of Illinois could lead to problems should an Illinois Court in a later probate proceeding conclude that the nature of the future interest be different.   The precise nature of the interest is not of prime importance in this Court as long as it is within the broad category a legal or equitable interest of the debtor.   Let he who bids at the trustee's sale determine the worth.

The debtor's Motion to Strike is DENIED.   The Court therefore ORDERS the

trustee to sell the debtor's interest in the real property described in his Complaint.