In re Joseph L. **HOBLIT**, Debtor.

**Bankruptcy No. 385–01541.**

United States Bankruptcy Court,
C.D. Illinois.

Dec. 19, 1986.

Donald A. Willard, Bloomington, Ill., for debtor.

Robert L. Sullivan, Bloomington, Ill., trustee.

## OPINION

LARRY L. LESSEN, Chief Judge.

This matter is before the Court on the Petitioner's motion to withdraw certain real estate from the bankruptcy estate. The Trustee opposes the motion. The matter was called for hearing on July 2, 1986. At this time, the Court set a briefing schedule. The matter has now been fully briefed and it is ripe for decision.

The Debtor filed his Chapter 7 petition in bankruptcy on October 9, 1985. The Debtor listed on his bankruptcy schedules a one-third remainder interest in 276 acres of real estate. In the motion presently before the Court, the Debtor states that at the time of the filing of the bankruptcy petition the Debtor's interest in the property was not vested. He further stated that shortly after the filing of the petition, this contingent interest vested so that he is now entitled to a portion of the property. The Debtor requests a return of the asset and asks that it not be made a part of the bankruptcy estate.

The issue before the Court is whether the Debtor's interest in the real property is part of the bankruptcy estate. The Debtor argues that he did not have a vested remainder interest in the property, but rather a contingent remainder, and therefore, the property did not become property of the estate. The Trustee counters that the Debtor's interest in the real property is part of the estate, regardless of whether it is contingent or vested.

■ This Court recently addressed this very issue in *In re Reynolds,* 50 B.R. 20 (Bankr.C.D.Ill.1985). In *Reynolds,* the Trustee filed an adversary complaint to sell the Debtor's remainder interest in certain real estate subject to the life estate of the Debtor's Mother. The Debtor objected to the sale on the grounds that his only interest in the property was that of a contingent remainder. The Court noted that in *In re Landis,* 41 F.2d 700 (7th Cir.1930), the Seventh Circuit held that a contingent remainder in Illinois land was an asset of the bankruptcy estate under the Act. Since a contingent remainder passed to a Trustee under the Act, the *Reynolds* Court had little difficulty finding that such an interest would also pass to the Trustee under the Code. The Court noted that the question of whether or not title vests was no longer an issue under the Code. Accordingly, the Court held that "whether the Debtor's interest in real property be contingent or vested, it shall be part of the estate for the Trustee to sell". 50 B.R. at 21. *See, In re Watson,* 65 B.R. 9, 12 (Bankr.C.D.Ill.1986).

■ In light of *Reynolds* it is clear that the Debtor's interest in the real estate is an asset of the bankruptcy estate. In addition, the income earned and accruing for the real estate from the date of the bankruptcy is also an asset of the bankruptcy estate. The Trustee may proceed to sell this asset.

The Debtor's Motion to Withdraw the Real Estate from the bankruptcy estate is DENIED.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.