In re Louanne Frances ANDERSON.

Louanne Frances ANDERSON,
Debtor, appellant,

v.

Matthew J. McGOWAN, Ch.
7 Trustee, appellee.

Bankruptcy No. 90–11126.
C.A. No. 90–0637L.

United States District Court,
D. Rhode Island.

July 30, 1991.

Charles H. McLaughlin, Providence, R.I., for appellant/debtor.

Matthew J. McGowan, Salter, McGowan, Swartz & Holden, Inc., Providence, R.I., for appellee.

## MEMORANDUM AND ORDER

LAGUEUX, District Judge.

Appellant Louanne Frances Anderson, debtor in a Chapter 7 bankruptcy proceeding, ("Debtor") appeals a Bankruptcy Court determination that an interest created by her mother's will is property of the bankruptcy estate under Section 541 of the Bankruptcy Code.[1]   11 U.S.C. § 541. Trustee Matthew J. McGowan ("Trustee") in supporting the Bankruptcy Court determination, describes this appeal as "completely frivolous," and moves for sanctions under Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927.

This Court rules that clearly the Debtor's interest under the will belongs to the bankruptcy estate under Section 541, and, thus, the Bankruptcy Court order is affirmed. In addition, this Court determines that the law supporting the Bankruptcy Court determination is so plain and clear and the Debtor's argument is so frivolous, that Rule 11 and 28 U.S.C. § 1927 *require* the imposition of an appropriate sanction on Debtor's attorney.

## I. BACKGROUND

On July 20, 1990, Debtor filed a Chapter 7 bankruptcy petition.  She properly attached to the petition Schedule B, an official bankruptcy form which is supposed to list all of her property.  The following item appeared in the personal property section: "Petitioner has a claim contingent upon the specific devisee of real estate under her mother's will paying five siblings a total of $75,000.00 . . . ."  Debtor claimed that this

---

1. This Court has jurisdiction to hear appeals from final orders of the bankruptcy court pursuant to 28 U.S.C. § 158(a).

"chose in action" was exempt from the bankruptcy estate pursuant to Section 522(d) of the Bankruptcy Code.

Debtor's "chose in action" language has reference to two provisions in her mother's will. The first provision devised to Glen (Debtor's brother) certain residential real estate (the mother's house) on the condition that he pay the other children $75,000.00. If he refused to take the devise, the house would be sold and the proceeds would enter the residuary estate. The second provision gave Debtor a share in the residuary estate along with the other siblings. Thus Debtor was guaranteed to receive, depending upon Glen's election,[2] either a ⅕th share in the $75,000.00 or a ⅙th share in the sale proceeds of the house.

Trustee objected to Debtor's exemption claim, pointing out that Section 522(d) does not provide a specific exemption for a chose in action. Moreover, Trustee argued that Section 541(a) specifically requires inclusion in the bankruptcy estate all testamentary entitlements acquired by bequest, devise, or inheritance, including those arising within 180 days after the filing of the petition. The Bankruptcy Judge sustained Trustee's objection, and determined that Debtor's interest under the will was property of the bankruptcy estate pursuant to Section 541 and was not exempt under Section 522(d).

Debtor has not appealed the Bankruptcy Court's determination that the interest was not exempt under Section 522(d). Rather, she has appealed the determination that the interest belongs to the bankruptcy estate pursuant to Section 541. Trustee has defended the Bankruptcy Court's determination in a twelve page brief.

Describing the appeal as "completely frivolous," Trustee has also moved for the imposition of a sanction against Debtor and Debtor's attorney pursuant to Rule 11 and 28 U.S.C. § 1927. He argues that Debtor's attorney had no legitimate basis for filing the appeal because the Bankruptcy Code and case law thereunder clearly, unmistakably, and uniformly establish that Debtor's interest here is part of the bankruptcy estate. Trustee requests that this Court award reasonable attorney's fees and costs. To this end, he has filed a sworn statement detailing $2963.60 in fees and costs associated with his opposition to the appeal and for preparing the motion for sanctions.

## II.  STANDARD OF REVIEW

■ A district court may set aside a bankruptcy court's factual findings only when clearly erroneous. Bankr.R. 8013; *See Acacia Mutual Life Ins. Co. v. Perimeter Park Inv. Assocs. (In re Perimeter Park Inv. Assocs.)*, 616 F.2d 150, 151 (5th Cir.1980); *First Software Corp. v. Computer Assocs. Int'l., Inc. (In re First Software Corp.)*, 107 B.R. 417, 420 (D.Mass.1989). Questions of law, however, must be considered *de novo*. *In re Pizza of Hawaii, Inc.*, 40 B.R. 1014, 1015 (D.Haw.1984), *aff'd*, 761 F.2d 1374 (9th Cir. 1985); *First Software Corp.*, 107 B.R. at 420. Review will be limited in this appeal to a *de novo* examination of the legal issues because no factual disputes exist.

## III.  DISCUSSION

■ Debtor argues that her interest under her mother's will was not property of the bankruptcy estate under Section 541 when she filed her bankruptcy petition because it had yet to "materialize." A cursory review of the law generated by Section 541 establishes that Debtor's argument is not only wrong, but also completely unfounded. Her argument is so clearly unsupported that a violation has occurred of the principles set forth in Rule 11 and 28 U.S.C. § 1927.

### A.  Section 541

The filing of a bankruptcy petition creates an estate comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case" wherever located and by whomever held. 11 U.S.C. § 541(a)(1). The scope of property rights and interests encompassed by this estate is very broad. "It includes all kinds of property, including tangible or intangi-

---

**2.** Debtor's attorney announced at oral argument that Glen had elected to accept the house.

ble property, causes of action ... and all other forms of property currently specified in section 70(a) of the Bankruptcy Act...." *Notes of Committee on the Judiciary,* S.Rep. No. 989, 95th Cong., 2d Sess. 82 (1978), *reprinted in* 1978 U.S.Code Cong. & Admin.News, 5787, 5868. "[E]very conceivable interest of the debtor in the estate; all forms of property whether tangible or intangible, personal or real, causes of action, leasehold interests, or possessory interests are encompassed." 2 W. Norton Jr., *Norton Bankruptcy Law and Practice* § 29.04 at 10 (1981) [hereinafter *Norton* ]. The Supreme Court has held that Section 541 allows the bankruptcy estate to include a right to a refund, *Segal v. Rochelle,* 382 U.S. 375, 380, 86 S.Ct. 511, 515, 15 L.Ed.2d 428 (1966), as well as a nonpossessory interest in personal property seized by the Internal Revenue Service, *United States v. Whiting Pools, Inc.,* 462 U.S. 198, 205–06, 103 S.Ct. 2309, 2313–14, 76 L.Ed.2d 515 (1983). Other courts have held that Section 541 reaches all sorts of future, nonpossessory, contingent, speculative, and derivative interests.[3] *See generally Norton, supra,* § 29.04–07; 4 L. King, R. D'Agostino, M. Cook, *Collier on Bankruptcy,* § 541.-06–10 (15th ed. 1991).

■ Although almost every type of property right and interest enters the bankruptcy estate under Section 541, it is state law that determines whether Debtor has a property right or interest in specific property. *Butner v. United States,* 440 U.S. 48, 54, 99 S.Ct. 914, 917, 59 L.Ed.2d 136 (1979); *Mutual Benefit Life Ins. Co. v. Pinetree, Ltd. (In re Pinetree, Ltd.),* 876 F.2d 34, 36 (5th Cir.1989); *Maiona v. Vassilowitch (In re Vassilowitch),* 72 B.R. 803, 805 (Bankr. D.Mass.1987). Thus, Rhode Island law must first be consulted to determine wheth-

er Debtor has any property rights or interests at all. *See Norton, supra,* § 29.05 at 12, § 29.06 at 16.

Under Rhode Island law, when Debtor's mother died testate on April 3, 1990, her will created a property interest belonging to Debtor. In fact, the will created not one but two distinct, concurrent interests. The first interest, created by paragraph two of the will, was a share in $75,000.00 upon Glen's acceptance of the house: "I give [my house] to my son, Glen, on condition that he pay [the other children] within eighteen (18) months after the date of my death [$75,000.00]...." The second interest, created by paragraph five, was Debtor's share in the residuary estate. Although the payoff of one of these two interests could only occur after Glen made his election, the interests themselves were created by the will under Rhode Island law when Debtor's mother died. *See Estate of Forsyth Wickes v. Stein,* 107 R.I. 260, 265, 266 A.2d 911 (1970) ("Equitable ownership of the assets is vested in the legatee upon the death of the testator."); *see generally* 96 C.J.S. Wills § 1098 (1957) ("In the case of a testate estate, the will, when valid, is the source of the title of the beneficiaries.... [T]itle vests, subject to various burdens, immediately upon the death of the testator.")

■ Debtor argues that her interest would only "materialize" when the real estate was sold and the proceeds passed by virtue of the residuary clause, and therefore it was not property of the estate when she filed the petition. On the contrary, the conditional, future, speculative, or equitable nature of the interest does not prevent it from becoming property of the bankruptcy estate. *See, e.g., In re Hoblit,* 89 B.R. 756 (Bankr.C.D.Ill.1986) (contingent

---

**3.** Congress defined only four limits to the breadth of Section 541:

(b) Property of the estate does not include—
(1) any power that the debtor may exercise solely for the benefit of an entity other than the debtor;
(2) any interest of the debtor as a lessee under a lease of nonresidential real property that has terminated at the expiration of the stated term of such lease before the commencement of the case ...

(3) any eligibility of the debtor to participate in programs authorized under the Higher Education Act of 1965....
(c)(2) A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title.
11 U.S.C. § 541.

remainder in real property); *In re Stumpff*, 109 B.R. 1014 (Bankr.E.D.Okla. 1989) (future payments of widow's allowance); *Middleton v. Plumbing and Air Conditioning Contractor's Ass'n (In re Greer Stamp Plumbing, Inc.)*, 9 B.R. 181 (Bankr.D.Ariz.1981) (right to employment bonus from reduction of work injuries, contingent on the date of the petition); *United States Trustee v. Mucelli (In re Mucelli)*, 21 B.R. 601 (Bankr.S.D.N.Y.1982) (personal injury claim); *Rutledge v. Toyota Motor Credit (In re Rutledge)*, 115 B.R. 344 (Bankr.N.D.Ala.), *aff'd*, 121 B.R. 609 (N.D.Ala.1990) (equitable interest in a car). Further, it is well established that prepetition testamentary entitlements such as Debtor's are included in the bankruptcy estate. *See, e.g., Putney v. May (In re May)*, 83 B.R. 812, 814–15 (Bankr.M.D.Fla. 1988). Section 541 even extends to entitlements arising within 180 days *after* filing the petition.[4] *See, e.g., In re Means*, 16 B.R. 775, 776 (Bankr.W.D.Mo.1982).

Section 541 thus requires that both of Debtor's interests—the claim against Glen and the right to share in the residuary estate—enter the bankruptcy estate. While on the date of filing the petition it was uncertain which of the two would ultimately pay off, and the payoff would come only after Glen made his election, the bankruptcy estate absorbed all Debtor's rights under the will. Interests such as these are not outside the reach of Section 541 simply because they were novel or contingent or because enjoyment had to be postponed. *Segal v. Rochelle*, 382 U.S. 375, 379, 86 S.Ct. 511, 514, 15 L.Ed.2d 428 (1966). In short, the Bankruptcy Court's determination must be affirmed.

### B. Sanctions

Trustee has moved for sanctions against Debtor and her attorney pursuant to Rule 11[5] and against Debtor's attorney under 28 U.S.C. § 1927. As a sanction, Trustee seeks reimbursement for the fees and costs associated with responding to this appeal and prosecuting the motion for sanctions.

### 1. Rule 11

█ Rule 11 establishes a certification requirement for court filings. When interpreting Rule 11, the Court should primarily be concerned with the plain meaning of the text. *Cooter & Gell v. Hartmarx Corp.*, —— U.S. ——, ——, 110 S.Ct. 2447, 2453, 110 L.Ed.2d 359 (1990); *Pavelic & Leflore v. Marvel Entertainment Group*, 493 U.S. 120, ——, 110 S.Ct. 456, 458, 107 L.Ed.2d 438 (1989). The text of Rule 11 provides that:

> Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, whose address shall be stated.... The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay the other party or parties the amount of the reasonable expenses incurred because of the filing of the plead-

---

**4.** 11 U.S.C. § 541(a)(5)(A) reads:

(5) Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date—

(A) by bequest, devise, or inheritance;

11 U.S.C. § 541(a)(5)(A).

**5.** Federal Rule of Civil Procedure 11 and Bankruptcy Rule 9011 are essentially the same in substance and application. *See Featherston v. Goldman (In re D.C. Sullivan Co.)*, 843 F.2d 596, 598 n. 5 (1st Cir.1988).

ing, motion, or other paper, including a reasonable attorney's fee.

Fed.R.Civ.P. 11. Essentially, Rule 11 requires that an attorney read the filing, conduct a reasonable inquiry, and by signing the papers certify (1) that it is well-grounded in fact and law or a good faith argument for the modification of existing law, and (2) that the filing was not intended for any improper purpose, such as to harass or to cause unnecessary delay or increase in the cost of litigation. If the Court finds an attorney in violation of this rule, it *must* apply an appropriate sanction. *See Lancellotti v. Fay,* 909 F.2d 15, 18–19 (1st Cir.1990).

An interpretation of current Rule 11 must also be guided by an understanding of the deficiencies which led to its 1983 revision. *Cooter & Gell,* —— U.S. ——, ——, 110 S.Ct. at 2454; *Lancellotti,* 909 F.2d at 18. Before the 1983 amendments, Rule 11 required only that an attorney certify "to the best of his knowledge, information, and belief there is good ground to support [the pleading]; and that it is not interposed for delay.... or is signed with intent to defeat the purpose of this rule...." Fed.R.Civ.P. 11, 28 U.S.C.A. at 496–97 (1960). Applying a subjective standard, courts required a showing of bad faith or malice before they had the *discretion* to impose a sanction. *See Kale v. Combined Ins. Co.,* 861 F.2d 746, 757 n. 12 (1st Cir.1988). But this subjective standard was ineffective in controlling the growing "litigation hyperactivity" choking the courts. 5A C. Wright & A. Miller, *Federal Practice and Procedure* § 1331 at 19 (2d ed. 1990). The Advisory Committee drafted the 1983 amendments to specifically address the problem of litigation hyperactivity. *Id.* The current version of Rule 11 should thus be interpreted and applied in light of the attempt to "dam the flood of litigation that [threatens] to inundate the courts." *Id.* at 12–13.

What emerged from the 1983 amendments was an objective standard that no longer required a finding of bad faith or malice. *See Business Guides Inc. v. Chromatic Communications Enters.,*

—— U.S. ——, ——, 111 S.Ct. 922, 932, 112 L.Ed.2d 1140 (1991); *Advisory Committee Notes,* 28 U.S.C.A. app. at 442 (Supp.1991) ("The references in the former text to wilfulness as a prerequisite to disciplinary action have been deleted.") The rule now requires that a lawyer conduct a "reasonable inquiry" before certifying that the filing is well-grounded in fact and law or is a good faith argument for extension, modification, or reversal of existing law. A court, however, should be wary about the benefit of hindsight; it is only reasonableness under the circumstances that the Rule requires. *Cruz v. Savage,* 896 F.2d 626, 631 (1st Cir.1990). Further, a court should not freely impose sanctions so as to chill an attorneys' enthusiasm or creativity in pursuing legal theories. *Id.* In the end, the finding of a Rule 11 violation rests in the hands of the court as a "judgment call." *Kale,* 861 F.2d at 758.

The focus in this Rule 11 review is quite narrow. Trustee does not contend that there is any improper purpose behind the Debtor's appeal such as harassment. Debtor's attorney proposed no extension, modification, or reversal of existing law. No factual disputes exist. In fact, the only issue for consideration in this case is whether Debtor's attorney conducted a "reasonable inquiry" before certifying that the appeal was warranted by existing law.

A preliminary indication that the inquiry was not reasonable is the presentation of the issue below in the Bankruptcy Court. It appears from the papers filed below that the original claim was for a Section 522(d) exemption, not a Section 541 exclusion from the bankruptcy estate. On the official bankruptcy form attached to the Chapter 7 petition, Debtors' attorney contended that the interest was entitled to exemption under Section 522(d). When Trustee objected, he again confirmed that Debtor was claiming a Section 522(d) exemption. At no point did he raise the issue that Debtor's interest was not reached by Section 541 and therefore was not property of the

bankruptcy estate.[6] This presentation below demonstrates that Debtor's attorney either failed to fully comprehend the issues or neglected his duty to properly present the issues before the Bankruptcy Judge.[7]

The substance of Debtor's Section 541 argument before the Court is contained in a barren two paragraph argument which evinces a total lack of reasonable inquiry into the law. The sum and substance of the argument is as follows:

> The $15,000.00 was not a bequest to debtor. On July 20, 1990, the date of filing her bankruptcy petition, the decedent's estate owed her nothing. The trustee's interest in the debtor's property interest under the will would materialize only if the real estate was thrown into the residuary clause because of the devisee's failure to fulfill the condition set forth in Paragraph *Second.* If this failed to take place within 18 months of decedent's death, debtor would take ⅙, then this would be property in which the trustee has an interest.
>
> On July 20, 1990, the date of filing her bankruptcy petition, the devisee owed the debtor nothing. Therefore, the trustee takes nothing.

Debtor's attorney claims to have spent "a minimum of four hours" on research. Yet, he does not cite a single case, statute, or treatise supporting his proposition nor does he argue from an authority by analogy.

Describing the appeal to be a "meritorious one," he cites little more than his own feelings about how the Court should rule. Questionable good faith aside, Rule 11 can be violated by simple inexperience or incompetence. *Cruz,* 896 F.2d at 631.

Rule 11 can also be violated when a minimal amount of research, even a cursory reading of the relevant treatises and cases, should have revealed to the appellant that its legal position was without merit. *See Natasha, Inc. v. Evita Marine Charters, Inc.,* 763 F.2d 468, 472 (1st Cir. 1985). It should have been patently clear to Debtor's attorney when he did his research that his argument had absolutely no chance of success under the existing precedents. *See also Eastway Constr. Corp. v. City of New York,* 762 F.2d 243, 254 (2d Cir.1985). He either failed to comprehend or chose to ignore the all-encompassing nature of Section 541 as explicated by judicial decisions and treatise writers.

If Debtor's attorney had simply read the language of Section 541, he would have found that *"all* legal or equitable interests of the debtor," by whomever held and wherever located, enter the bankruptcy estate. 11 U.S.C. § 541 (emphasis added). For that matter, Section 541(a)(5)(A) specifically includes bequest entitlements arising after filing the petition. If he had reasonably researched the case law, he would have discovered that almost all types of

---

**6.** Debtor's attorney might have approached the issue when he argued "[t]he sum in question is a gift from her brother, not a bequest from her mother. It was not an interest of the Debtor on July 20, 1990." *See Debtor's Response to Trustee's Objection to Claim of Exemption.* But this statement makes no real claim for exclusion from the Section 541 bankruptcy estate.

But even assuming *arguendo* that this statement did raise the Section 541 issue, it would conflict with the Section 522(d) claim. A Section 522(d) exemption claim can only address property that is already property of the bankruptcy estate under Section 541. *See Notes of Committee on the Judiciary,* S.Rep. No. 989, 95th Cong., 2d Sess. 82 (1978), *reprinted in* 1978 U.S.Code Cong. & Admin.News, 5787, 5868. (*"After* the property comes into the estate, the debtor is permitted to exempt it under proposed 11 U.S.C. § 522.") (emphasis supplied). Without an indication that Debtor was arguing in the alternative, it would have been wholly inconsist-

ent to contend that the interest was both excluded under Section 541 and exempt under Section 522(d).

**7.** This Court is normally bound by the general rule that a debtor may not bring new issues on appeal not properly presented to the bankruptcy judge. *In re Martin,* 817 F.2d 175, 178 (1st Cir.1987); *Liakas v. Creditors' Comm., of Deja Vu, Inc.,* 780 F.2d 176, 179 (1st Cir.1986). This rule follows from the applicability of a general appellate review standard to appeals from the bankruptcy court. 28 U.S.C. § 158(c); *see also Grenert v. Howison (In re Grenert),* 108 B.R. 1, 5 n. 5 (D.Me.1989). However, because the Bankruptcy Court's order included determinations on both Section 522(d) and Section 541 issues, and because Trustee did not urge dismissal of the appeal on this basis, this Court has assumed that the issue was raised sufficiently to satisfy the appellate review standard.

contingent, equitable, future, derivative and speculative interests, including testamentary entitlements, enter the bankruptcy estate. Few cases exist where a lawyer has even argued that a prepetition testamentary entitlement should be excluded from the bankruptcy estate under Section 541.[8] Finally, if Debtor's attorney had read the Advisory Committee Notes, he would have encountered the use of "choses in action," the very term he uses in describing his client's interest: "this paragraph will include *choses in action* and claims by debtor against others...." *See Notes of Committee on the Judiciary*, S.Rep. No. 989, 95th Cong., 2d Sess. 82 (1978), *reprinted in* 1978 U.S.Code Cong. & Admin.News, 5787, 5868. Any one of these warning beacons should have set Debtor's attorney on a proper course. Having missed them all, this Court finds that Debtor's attorney violated Rule 11 by failing to conduct a "reasonable inquiry" into the law.

### 2. 28 U.S.C. § 1927

■ Trustee contends that Debtor's attorney is also sanctionable under 28 U.S.C. § 1927:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. Similarly to Rule 11, Section 1927 does not require a finding of subjective bad faith as a predicate to the imposition of sanctions. *Cruz*, 896 F.2d at 631–32. However, the Debtor or her attorney must act "unreasonably" and "vexatiously" in multiplying the proceedings.

■ The Rule 11 analysis set forth above has already established that Debtor's attorney did not act reasonably in his inquiry into the law; therefore, the only remaining consideration is whether he acted

"vexatiously." Behavior is "vexatious" when it is harassing or annoying. *Id.* at 632. The behavior does not have to be intentionally harassing or annoying, but it must result from something more than mere negligence, inadvertence or incompetence. Thus a violation of Section 1927 will occur when an attorney acts in substantial disregard of whether his conduct is harassing or annoying. Examples of offending behavior under Section 1927 are obfuscation of the issues, hyperbolism, and groundless assumptions. *See id.* at 634.

■ This appeal by Debtor's attorney qualifies as a vexatious multiplication of the proceedings in this case. The form of the argument alone—two paragraphs with no citation to cases, statutes, or treatises—displays a "serious and studied disregard for the orderly process of justice." *Id.* at 632. Evidencing a total lack of concern for both the Trustee's and the Court's resources, Debtor's attorney launched this appeal without so much as one authority in support of his contentions. Under the circumstances, this Court must conclude that the taking of this appeal was both vexatious and unreasonable and thus in violation of the precepts set forth in 28 U.S.C. § 1927.

■ Rule 11 gives the Court discretion to impose sanctions on either the attorney, the represented party, or both. Responsibility for this appeal clearly falls squarely on the shoulders of Debtor's attorney, Charles H. McLaughlin. He is ordered, therefore, to reimburse Trustee Matthew J. McGowan for his costs and expenses in defending this appeal and prosecuting the motion for sanctions. The Court determines that the total amount set forth in the Trustee's sworn statement is reasonable under the circumstances, and thus the amount of sanctions is $2963.60.

### CONCLUSION

The Bankruptcy Court Order dated November 13, 1990, which determined Debtor's interest under her mother's will to be

---

**8.** This Court has found only one other case where a lawyer argued that a prepetition testamentary entitlement was not property of the estate. *See Putney v. May (In re May)*, 83 B.R. 812 (Bankr.M.D.Fla.1988). A decision adverse to that view was not appealed.

property of the bankruptcy estate under Section 541 of the Bankruptcy Code, is AFFIRMED. Debtor's attorney, Charles H. McLaughlin, is found to be in violation of Rule 11 and 28 U.S.C. § 1927, and is ORDERED to pay sanctions in the amount of $2,963.60 to Trustee Matthew J. McGowan.

*It is so Ordered.*