**In re John R. FRANCHI, Debtor.**

**John R. FRANCHI, Plaintiff,**

v.

**STANLEY'S BOAT YARD, INC., Defendant.**

Adv. No. 92–1123.

Bankruptcy No. 92–11322.

United States Bankruptcy Court, D. Rhode Island.

Nov. 30, 1992.

Charles M. Vacca, Jr., Keven A. McKenna, Providence, RI, for debtor/plaintiff.

Z. Hershel Smith, DiSandro–Smith & Associates, P.C., Inc., Providence, RI, for defendant.

DECISION AND ORDER

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Before the Court, on briefs, is the Plaintiff/Debtor's Motion for Summary Judg-

ment seeking lien avoidance, and the opposition of Defendant Stanley's Boat Yard ("Stanley Boat").[1] The object of this dispute is the Debtor's 1966 Columbia sailboat which is being held by Stanley Boat on its premises, for nonpayment of docking and storage fees.

## BACKGROUND

By this adversary proceeding, the Debtor seeks an order directing Stanley Boat to release the boat, arguing that "[i]n accordance with 11 U.S.C. § 522(f) of the U.S. Bankruptcy Code, said debt on said boat's storage costs represents a non-possessory, non-purchase money security interest—and is therefore dischargeable." In addition, the Debtor avers that "said exempt property and dischargeable debt would therefore remove any and all liens against said boat, as provided under § 34–46–4 of the State of Rhode Island General Laws."

In response, Stanley Boat argues first that this Court's July 15, 1992 Order denying the Debtor's motion to avoid lien on the identical property constitutes res judicata as to the instant motion. In addition, Stanley Boat contends that under the Federal Maritime Lien Act, 46 U.S.C. § 31342 (previously, 46 U.S.C. § 971) it has a nonavoidable lien, which gives it the absolute right to retain the property until the docking and storage fees are fully satisfied.

Based upon our review of the pleadings, and for the reasons discussed below, we conclude as a matter of law that the Debtor's Complaint fails to state a claim upon which relief may be granted under § 522(f).

## DISCUSSION

At the outset, we agree with Stanley Boat that our July 15, 1992 Order denying the Debtor's motion to avoid lien on the subject property effectively precludes (re)consideration of the instant turnover complaint, which appears to be nothing more than a second attempt to accomplish the same result that we earlier denied. In fact, the instant complaint was filed just eight days after the denial of the Debtor's first request for lien avoidance. That order addressed two items within the Debtor's estate: a 1979 Dodge Motorhome *and* the 1966 Columbia Sailboat, and although our review of the record indicates that Stanley Boat did not specifically oppose lien avoidance as to the subject property, upon our independent examination and consideration, the motion was denied. Although we would have no trouble finding that our July 15, 1992 Order constitutes res judicata, since we did not at that time expressly articulate the reasons for our denial of the Debtor's request, we will do so here in addressing the merits of the present complaint.

The existence and validity of Stanley Boat's lien on the subject property is conceded by the Debtor, and is not at issue here. In fact, the Debtor avers in his complaint that Stanley Boat has an operator's lien on the vessel pursuant to R.I.Gen. Laws § 34–46–3, which provides in pertinent part:

(a) The operator of a dry dock storage facility ... shall have a lien for rent due on all vessels and personal property thereon stored at a dry dock storage facility for rent.... The lien herein created attaches as of the date the vessel and personal property is stored in the dry dock storage facility, and the rental agreement shall contain a conspicuous statement notifying the owner of the existence of the lien.

(b) The operator loses its lien on any vessel and personal property that it voluntarily delivers or that it unjustifiably refuses to deliver.

The Debtor argues however, that with the boat listed on his bankruptcy schedules as exempt property, he may avoid the lien pursuant to §§ 522(d)(5)[2] and 522(f).

---

1. Based upon the submissions, wherein the parties agree that there are no material issues of fact in dispute, this matter is ripe for summary judgment.

2. 11 U.S.C. § 522(d)(5) allows a debtor to exempt its aggregate interest in property "not to exceed in value $400 plus up to $3,750 of any unused amount of the exemption provided under paragraph (1) of this subsection."

The relevant portion of 11 U.S.C. § 522(f) upon which the Debtor relies states that:

(f) [T]he debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(2) a *nonpossessory*, nonpurchase-money security interest in any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor; (emphasis added)

Based upon our reading of this code section, it is mystifying to us how the Debtor proposes to rely on § 522(f) to avoid the instant operator's lien[3] on his sailboat. Since it is undisputed that Stanley Boat has physical possession of the vessel, there is no way that the lien on the vessel could be deemed a *"nonpossessory,* nonpurchase money security interest," as required in § 522(f)(2). Accordingly, we rule as a matter of law that since Stanley Boat holds a *possessory* interest in the boat, the Debtor has failed to satisfy the plain meaning of the statute to enable him to avoid this particular lien.

In addition, the Debtor has not explained at all how a sailboat fits within the "household use" types of property enumerated in § 522(f)(2)(A), which are even susceptible to lien avoidance. Accordingly, there is no basis upon which to include a recreational sailboat within the classification of either a "household furnishing" or "household goods" "held primarily for the personal, family, or household use of the debtor" as required in that section. *See In re Ellen Marie DiPalma,* 24 B.R. 385 (Bankr.D.Mass.1982) ("A boat clearly is not a household good of [sic] furnishing within the meaning and intent of § 522(f)(2)(A)." *Id.* at 388).

For all of the above reasons, the Debtor's Motion for Summary Judgment[4] is DENIED, and the complaint is dismissed with prejudice.

Enter Judgment consistent with this opinion.

---

3. Because we rule that the Debtor has failed to avoid the R.I.Gen.Laws § 34–46–3 operator's lien on the vessel, we do not reach the issues: (1) whether a maritime lien also exists; and (2) if one does, whether it provides Stanley Boat with any greater rights in the property than the operator's lien.

4. This is a frivolous pleading, without merit, which deserves the imposition of Rule 9011 sanctions. *See Anderson v. McGowan (In re Anderson),* 128 B.R. 850 (D.R.I.1991). In this instance, however, since Debtor's counsel has not to our knowledge been guilty of similar prior conduct, we will treat this merely as an admonition (in this and similar cases) against such careless pleading in the future.