**In re David Wayne THOMPSON, Debtor.**

**No. 08–21647 JPK.**

United States Bankruptcy Court, N.D. Indiana, Hammond Division.

Nov. 5, 2008.

---

6

Stacia Yoon, Esq., Merrillville, IN, Chapter 7 Trustee.

George Livarchik, Esq., Chesterton, IN, for Debtor.

### ORDER CONCERNING TRUSTEE'S MOTION FOR TURNOVER

J. PHILIP KLINGEBERGER, Bankruptcy Judge.

On September 17, 2008, a hearing was held concerning the Motion for Turnover filed by the Chapter 7 Trustee Stacia L. Yoon ("Trustee") on August 6, 2008, to which the debtor responded by the Debtors' (sic) Objection to Trustee's Motion for Turnover of Economic Stimulus Payment, Including Those Attributable to Non–Debtor Spouse and Children filed on August 25, 2008. The Trustee Stacia L. Yoon appeared personally at the hearing; the debtor appeared in person and by counsel George R. Livarchik.

The debtor submitted into evidence his exhibits numbered 1 and 2. Exhibit number 1 is a copy of the debtor's 2007 federal and state income tax returns, accompanied by a cover letter dated June 27, 2008 by which those returns were forwarded to the Trustee. Exhibit number 2 is a document dated June 30, 2008, entitled "Understanding Your Economic Stimulus Payment", addressed to the debtor and his wife at 414 S. 13th St., Chesterton, Indiana: a Form 1378 Notice issued by the Internal Revenue Service. At the hearing, the debtor's counsel asserted his arguments with respect to the debtor's objection, and the Trustee responded to those arguments. The court determined those arguments at the hearing, but in retrospect the issues raised by the debtor are best addressed by a written decision.

The court has jurisdiction with respect to the contested matter arising from the Trustee's motion, as contested by the debtor, pursuant to 28 U.S.C. § 1334(b), 28 U.S.C. § 157(a) and (b), and N.D.Ind.L.R. 200.1. This matter is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(E).

The issue to be determined is the extent to which a payment made to the debtor and his non-debtor spouse under the provisions of the Economic Stimulus Act of 2008, due to their status as joint federal income tax return filers, constitutes prop-

erty of the debtor's bankruptcy estate subject to turnover to the Trustee for administration in the debtor's bankruptcy estate for the benefit of his creditors.

The Trustee's motion requests turnover of the "2007[1] Economic Stimulus payment in the amount of $2,400.00; and a copy of letter from U.S. Treasury confirming the amount of Economic Stimulus Payment". The debtor has complied with that portion of the turnover request which relates to the United States Treasury's communication to the debtor regarding the Economic Stimulus payment (Debtor's trial exhibit number 2). The issue before the court concerns the extent to which the payment itself is subject to administration in this case.

The record establishes that the debtor and his wife Heather A. Thompson filed a Form 1040A U.S. Individual Income Tax Return for the period ended 12/31/2007, as a joint return, in which four dependents were claimed: Gavin Hedley, Berkli Hedley, Abigale Zaradich and Zion Thompson. The designation in section (3) of line 6(c) of that return provides for the "Dependent's relationship to you" respectively as "son", "daughter", "daughter" and "son". There is no differentiation in the return as to which joint taxpayer—the debtor or his spouse—has the stated relationship to the designated dependents.[2] Debtor's exhibit number 2 establishes that the debtor and

his spouse, as joint filers with respect to the 2007 federal income tax return, received an Economic Stimulus Payment of $2,400.00: The debtor and his spouse received a combined payment of $1,200.00, and in addition they received a payment of $300.00 for each of the four dependent children listed in the 2007 return.

The Trustee in her motion contends that the entire amount of this stimulus payment should be turned over for her administration in the debtor's bankruptcy estate. The debtor's response asserts that the $1,200.00 attributable to the four dependents designated in the joint return is essentially property related to each of those children, rather than property related to the debtor. In addition, the response asserts that, at most, the remaining $1,200.00 should be considered to be split equally between the debtor and his non-debtor spouse, and that thus the debtor's interest in the Economic Stimulus Payment should be, at most, $600.00.

At the hearing held on September 17, 2008, Attorney Livarchik expanded the arguments stated in the response by asserting that none of the Economic Stimulus Payment should be considered to be property of the debtor's bankruptcy estate. The primary focus of Attorney Livarchik's argument was one of public policy, as will be further discussed.

1. The turnover motion is directed to the year "2007": the payment targeted by the Trustee was not created by Congress until 2008, and was not payable until 2008. However, the focus of the Trustee's motion is clear, and was made clear at the September 17, 2008 hearing. The debtor did not make any assertion as to the *obvious* misidentification of the year of the stimulus payment, and any contention that the motion is not adequate to reach the *2008* stimulus payment was thus waived by the debtor. Moreover, the identity of the *res* subject to the turnover motion was delineated by both parties as the debtor's interest in the payment under the Economic Stimulus Act of

2008, both in written documents filed with the court and at the September 17 hearing. The mis-designation in the motion is deemed to be subject to Fed.R.Bankr.P. 7054(a)/ Fed.R.Civ.P. 54(c), and the court's judgment reflects the relief to which the court deems the Trustee to be entitled; Fed.R.Bankr.P. 7015/Fed.R.Civ.P. 15(b).

2. Whatever the relationship might be between the designated dependents and each of the individual joint taxpayers is immaterial anyway, as will be seen.

It is relatively rare in the history of the United States that Congress has enacted a law which provides for a payment to taxpayers, as an economic stimulus, which is not related to a refund of taxes paid with respect to liabilities for tax established by the Internal Revenue Code.[3] In 2001, the United States Congress enacted an economic stimulus program which provided for a payment to taxpayers in the form of an advanced refund, but that stimulus program was focused upon a refund of taxes actually paid as adjusted by an advanced application of a change in tax rates. In January of 2008, the Congress of the United States passed, and the President signed, the "Economic Stimulus Act of 2008" ("the Act"). It is the provisions of the Act around which the contentions of the parties revolve.

We begin with the concept of what is included in the property of the debtor's bankruptcy estate.

Our odyssey begins with the concepts embodied in 11 U.S.C. § 541(a)(1), which define interests of the debtor which comprise property of the debtor's Chapter 7 bankruptcy estate. That section states the following:

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.[4]

The United States Court of Appeals for the Seventh Circuit has had occasion to comment on the scope of "property of the estate" under § 541(a)(1). In *Matter of Yonikus*, 996 F.2d 866, 869 (7th Cir.1993), the Court stated:

When a bankruptcy petition is filed, virtually all property of the debtor at that time becomes property of the bankruptcy estate. Section 541 of the Bankruptcy Code defines "property of the estate" broadly to include all of the debtor's interests, legal and equitable. *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 204–05 and nn. 8, 9, 103 S.Ct. 2309, 2313 and nn. 8, 9, 76 L.Ed.2d 515 (1983). "[T]he term 'property' has been construed most generously and an interest is not outside its reach because it is novel or contingent or because enjoyment must be postponed." *Segal v. Rochelle*, 382 U.S. 375, 379, 86 S.Ct. 511, 515, 15 L.Ed.2d 428 (1966) (bankruptcy estate includes right to refund). [footnote omitted] A debtor's contingent interest in future income has consistently been found to be property of the bankruptcy estate. *See In re Neuton*, 922 F.2d 1379, 1382–83 (9th Cir.1990) (collecting cases). *In fact, every conceivable interest of the debtor, future, non-possessory, contingent, speculative, and derivative, is within the reach of § 541. In re Anderson*, 128 B.R. 850, 853 (D.R.I.1991) (citations omitted).

The question whether an interest claimed by the debtor is "property of the estate" is a federal question to be decided by federal law; however, courts must look to state law to determine whether and to what extent the debtor has any legal or equitable interests in property as of the commencement of the case. *Butner v. United States*, 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136

---

3. The Economic Stimulus Act of 2008 may even be unique ... detailed historical research is unnecessary to this decision.

4. Neither 11 U.S.C. § 541(b) nor 11 U.S.C. § 541(c)(2) apply in this case.

(1979); *Matter of Jones*, 768 F.2d 923, 927 (7th Cir.1985). (emphasis supplied).

■ While the extent of an interest of a Chapter 7 debtor in a tax refund may revolve in part upon principles of state law, when federal law [e.g., 11 U.S.C. § 541(a)(1)] provides the framework for inclusion, only a specific state law of exclusion will remove property from the general federal sphere of influence. *See, Butner v. United States*, 440 U.S. 48, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979). In addition, federal interests require the application of federal law with respect to the analysis concerning federal tax refunds, and thus the nature and existence of rights in a federal tax refund are determined by federal law; *In re Martin*, 167 B.R. 609, 612 (Bankr.Or.1994). Finally, the concept of "property of the estate" under 11 U.S.C. § 541(a)(1) is extraordinarily broad, and encompasses all interests of the debtor— whether determined under state or federal law as the circumstances dictate—existing as of the date of the filing of the bankruptcy petition; *See, In re Quality Health Care*, 215 B.R. 543, 560–561 (Bankr. N.D.Ind.1997). The § 541(a) estate is a ravenous creature, gobbling up every conceivable interest a debtor could have in property, including those described in 11 U.S.C. § 541(a)(1) as "all legal or equitable interests of the debtor in property as of the commencement of the case".

■ The Act became effective prior to the date of the debtor's filing of bankruptcy on May 27, 2008, and thus whatever property interests the debtor may have with respect to any benefit conferred by that statute became vested prior to the filing of this case. As stated, there is no provision of 11 U.S.C. § 541(b) that excludes the interests of the debtor in the subject payment from property of the bankruptcy estate as described by 11 U.S.C. § 541(a)(1). Thus, *the debtor's interest* in the payment which he and his joint-filing spouse received pursuant to the Act constitutes property of the debtor's bankruptcy estate.[5]

At the September 17 hearing, Attorney Livarchik sought to avoid the result of inclusion of the debtor's interest in the $2,400.00 payment as property of his estate by arguing "public policy". As admirable as Attorney Livarchik's efforts on behalf of his client are, his contentions are

---

5. There is no exemption provided by applicable law for this payment with respect to the debtor. Indiana is an "opt-out" state pursuant to 11 U.S.C. § 522(b)(2), and thus the exemptions provided by Indiana law apply to determination of exemptions with respect to property of a debtor's bankruptcy estate in Indiana. There is no provision of Indiana law which provides an exemption for any payment received by an individual under the "Economic Stimulus Act of 2008". At the September 17 hearing, Attorney Livarchik argued that had the Indiana Legislature had an opportunity to consider whether or not to exempt payments under the foregoing Act from both collection actions and from property of a bankruptcy estate, the Indiana Legislature would have done so, but because the Act was passed on short order as an emergency, the Indiana Legislature had no opportunity to consider an exemption. The short answer to this is that the Indiana Legislature did not create an exemption for this payment. As the court noted at the hearing, one might argue that the Indiana Legislature could have considered exemption of "badgers" from property of a bankruptcy estate—by enacting an appropriate exemption statute to allow the owners of badgers (who have a well organized and effective lobby in Indiana to allow for their possession of a vicious wild animal in their homes) to keep their pets in the face of proceedings supplemental to execution proceedings directed to badgers in the possession of judgment debtors—but the Indiana Legislature hasn't done that. Just as a badger in the possession of a debtor would not be an exempt asset, any payment received by an Indiana taxpayer pursuant to the "Economic Stimulus Act of 2008" is not an exemption from property of the estate provided for by Indiana state exemption law.

totally misplaced. The argument is essentially that in enacting the "Economic Stimulus Act of 2008", Congress did not intend that the payments made to taxpayers pursuant to the Act be subject to administration in a taxpayer's bankruptcy case. A collateral assumption in this argument is that Congress intended the payments to be made pursuant to the Act to be spent by the taxpayers to whom those payments were made, in order to stimulate the economy, a Congressional purpose which Attorney Livarchik contended is thwarted by allowing a Chapter 7 Trustee to obtain possession of a part of the payment made pursuant to the Act.

 In response to this argument, the court first notes that there is nothing in the Act which states that payments made to taxpayers pursuant to that Act are not generally subject to applicable laws with respect to any other property interest which an individual may acquire by operation of an enactment of Congress. Again, the debtor's interest in the subject payment is clearly property of his bankruptcy estate, and the sole question before the court is the extent of that interest. "Public policy" arguments have no place with respect to determinations of property of the estate under 11 U.S.C. § 541: either applicable law states that the debtor has an interest in property, or applicable law states that the debtor does not. In the instant case, applicable law—the Economic Stimulus Act of 2008—clearly provides for the debtor's interest in payments made pursuant to that Act to be property of the debtor's estate under 11 U.S.C. § 541(a). Moreover, Attorney Livarchik's contention misses the mark: the apparent primary purpose of the Act was to infuse additional dollars into a moribund economy, and the identity of the ultimate spender of an infusion—be it the debtor or the Trustee or creditors paid by the Trustee—doesn't alter the economic "multiplier" effect of the stimulus to the economy.

The pertinent provisions of the Act are the following:

1. Section 6428.2008(a) provides for amendment of the Internal Revenue Code of 1986 as follows:

"(a) IN GENERAL.—In the case of an eligible individual, there shall be allowed as a credit against the tax imposed by subtitle A for the first taxable year beginning in 2008 an amount equal to the lesser of"—

"(1) net income tax liability, or"

"(2) $600 ($1,200 in the case of a joint return)".

2. The provision concerning an enhanced payment arising from "qualifying children" is stated as follows in Section 6428.2008(b)(1)(B) as follows:

"(B) the amount determined under subsection (a) (after the application of subparagraph (A)) shall be increased by the product of $300 multiplied by the number of qualifying children (within the meaning of section 24(c)) of the taxpayer".

3. The person to whom the payment provided for by the Act is made is provided for by the definition of "taxpayer described" in Section 6428.2008(b)(2), as follows:

"(2) TAXPAYER DESCRIBED.—A taxpayer is described in this paragraph if the taxpayer"—

"(A) has qualifying income of at least $3,000, or"

"(B) has"—

"(I) net income tax liability which is greater than zero, and"

"(ii) gross income which is greater than the sum of the basic standard deduction plus the exemption amount

(twice the exemption amount in the case of a joint return)".

The melding of the foregoing provisions with respect to the person or persons entitled to payment under the Act is specified in Section 6428.2008(g), which due to its length and essential irrelevancy to the issue before the court will not be set out here.

■ The bottom line of the foregoing provisions is that the payment to be made pursuant to the Act is to be made to a qualified taxpayer. The debtor and his non-debtor spouse, as joint filing taxpayers with respect to the 2007 tax year, are qualified taxpayers to receive the benefits of the Act. The debtor's and his non-filing spouse's children—whose ever children they may be—are not entitled to any benefit under the Act, because they are not a "taxpayer" as defined by the provisions of the applicable law. Thus, to the extent the debtor seeks to argue that the $1,200.00 to which he and his non-debtor spouse were determined to be entitled, because of four dependent children, is somehow property of their children is totally without any legal foundation. The credit for dependent children provided by Section 6428.2008(b)(2)(B) is property of the taxpayers, and is in no manner property attributable to the dependents who generated the credit provided for by that section of the law.

■ We now come to the most critical provision of the Act—Section 6428.2008(f)(2)—which states as follows:

"(2) JOINT RETURNS.—In the case of a refund or credit made or allowed under subsection (g) with respect to a joint return, half of such refund or credit shall be treated as having been made or allowed to each individual filing such return."

While usually the determination of the interests of the debtor in property subject to 11 U.S.C. § 541(a), and the relationships of creditors with respect to that property, will be determined with reference to state law, federal law will trump that determination if the federal government has determined property interests within the realm of its Constitutional authorization; *See*, e.g., *U.S. By and Through I.R.S. v. McDermott*, 507 U.S. 447, 113 S.Ct. 1526, 123 L.Ed.2d 128 (1993). That is the case here. The above-quoted section of the Act definitively, and conclusively, states the apportionment of interests in a payment made with respect to joint taxpayers. Half of the $2,400.00 allowed to the debtor and non-debtor spouse is property of the debtor pursuant to that provision.[6]

Section 6428.2008(f)(2) of the Act defines the extent of property of the debtor's bankruptcy estate arising as a result of the payment made to the debtor and his non-debtor spouse under the Act. The debtor's interest is $1,200.00. That amount is property of the debtor's bankruptcy estate, and is subject to turnover to the Chapter 7 Trustee by the debtor.[7]

---

6. Why, one might ask, is this provision in the Act? One reason, quite simply, is that any payment made under the Act to a taxpayer is subject to setoff by the Internal Revenue Service for tax liabilities owed by that taxpayer to the United States of America. Thus, in order to delineate (without engendering unnecessary litigation) the interest of a particular taxpayer in a refund generated under the Act by a joint return, Congress established the property interest of each joint taxpayer in the refund generated by the Act. This is a legitimate Congressional purpose, and the delineation of property interests by the United States Congress controls over *any* possible contrary result derived by the application of state law.

7. In his initial Schedule B filed on May 27, 2008, the debtor did not designate his interest in any payment under the Act as property of his estate, and in Schedule C filed at that time, the debtor did not state any exemption

One final comment is in order. The provisions of the Economic Stimulus Act of 2008 are clear: the debtor has a property interest in one-half of the payment made to the debtor and his non-debtor spouse, as joint taxpayers, under the provisions of that Act, and thus the debtor has an interest in $1,200.00 of payments to be made to him and his non-debtor spouse under the Act. That interest constitutes property of the estate under 11 U.S.C. § 541(a)(1), and there is no law whatsoever which precludes the inclusion of that interest in the debtor's estate property. There is no room for any "public policy" argument or hypothesized state exemption argument with respect to those payments in relation to this case in the context of 11 U.S.C. § 541(a). In addition to other arguments made at the September 17 hearing, Attorney Livarchik sought to argue that the Trustee was precluded from recovery of an amount less than $1,000.00 from the debtor, apparently with reference to some neb-

ulous policy allegedly adopted by the United States Trustee, and that the Trustee in this case had overstepped her boundaries in pursuing the turnover motion. First, any policy adopted by the United States Trustee with reference to administration of bankruptcy estates by Chapter 7 Trustees has no legal effect on this court: the court deals with what is before it. More to the point, Chapter 7 bankruptcy trustees are required by applicable bankruptcy law to seek to recover all potential property interests of a bankruptcy estate which are administrable for the benefit of creditors in an estate which they administer. Whether the actions of an individual Chapter 7 Trustee interface with certain policy pronouncements of the United States Trustee does not have any *effect* on this court with respect to applicable laws regarding the administration of Chapter 7 bankruptcy estates by Chapter 7 Trustees. That interface is a matter between the

with respect to any such payment. In an amended Schedule B filed on August 26, 2008, the debtor again did not designate the payment received pursuant to the Act as property of his estate, but in an amended Schedule C filed on that date, the debtor designated an asset described as "2008 economic stimulus" as exempt pursuant to I.C. 34–55–10–2(c)(3) in the amount of $275.80. The Trustee objected to the amended Schedule C exemptions by objection filed on September 3, 2008. On September 12, 2008, the debtor again filed an amended Schedule B and C. Schedule B again does not list the debtor's interest in any payment made pursuant to the Act as property of the estate, and the exemption claimed under Schedule C is identical to that claimed in the amended Schedule C filed on August 26, 2008. As a result of this court's decision, the debtor's interest in the payment of $2,400.00 to the debtor and his non-debtor spouse pursuant to the terms of the Act is property of the debtor's bankruptcy estate, and the value of that interest is $1,200.00. The failure of the debtor to include this interest in Schedule B is immaterial: the court has determined that the interest is property of the debtor's bankruptcy estate. While exemp-

tions in a Schedule C have no effect with respect to property not designated in Schedules A or B, at the hearing held on September 17, 2008, the parties acknowledged that the debtor is entitled to an exemption of $275.80 with respect to his interest in the payment made pursuant to the Act to him and non-debtor joint-filing spouse. Thus, the interests of the debtor's bankruptcy estate in the Economic Stimulus Act of 2008 payment of $2,400.00 is $1,200.00; an exemption of $275.80 is allowed with respect to that interest; and thus the administrable property of the estate is in the amount of $924.20. Whatever arises from the two attempted amendments to Schedules B and C do not count, and the court's determination in this case controls over those attempted amendments. The debtor is determined to have an interest, which should be included on Schedule B, in the payment made to him and his non-debtor joint-filing spouse, constituting property of his bankruptcy estate pursuant to 11 U.S.C. § 541(a), in the amount of $1,200.00. An allowable exemption of $275.80 has been claimed with respect to that interest, and thus the amount subject to turnover to the Trustee is $924.20.

individual trustee and the United States Trustee, and it has no impact whatsoever on the court's enforcement of the laws of the United States as to a matter before the court.

Based upon the foregoing, the court determines that the Trustee's motion should be granted to the extent of $924.20.

IT IS THEREFORE ORDERED that the Trustee's motion is granted to the extent of $924.20.

IT IS FURTHER ORDERED that the debtor shall turn over to the Trustee the amount of $924.20 within sixty days of the date of entry of this order.